*ELECTRONICALLY FILED*

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
PADUCAH DIVISION
CASE NO.: 5:17-cv-47-TBR

ERIN K. CASTILLO, individually
and as Administrator of the
ESTATE of VICENTE Z. CASTILLO;
MARCARIA VICTORIA CASTILLO; and
IAN DIEGO CASTILLO, PLAINTIFFS

v. **NOTICE OF REMOVAL**

FULTON INVESTORS, LLC;
DIVERSICARE OF FULTON, LLC d/b/a
DIVERSICARE OF FULTON,
ROBIN CHAPPELL, in her capacity as Administrator of
DIVERSICARE OF FULTON; and
LINDSAY FRAZIER, in her capacity as Administrator of
DIVERSICARE OF FULTON, DEFENDANTS

* * * * * * * * * * * * * * * * * * *

Defendants, Diversicare of Fulton LLC d/b/a Diversicare of Fulton; and Lindsey Frazier, in her capacity as administrator of Diversicare of Fulton, for their Notice of Removal from the Fulton Circuit Court to the United States District Court for the Western District of Kentucky, Paducah Division, state as follows:

1. On February 2, 2017, Erin K. Castillo, Individually and as Administrator of the Estate of Vicente Z. Castillo; Marcaria Victoria Castillo; and Ian Diego Castillo ("Plaintiffs") filed a Complaint in the Fulton Circuit Court styled, *Erin K. Castillo, Individually and as Administrator of the Estate of Vicente Z. Castillo, et al v. Fulton Investors, LLC d/b/a Diversicare of Fulton, et al*., Commonwealth of Kentucky, Fulton Circuit Court, Case No.: 17-CI-00011. Plaintiffs filed an Amended Complaint therein on February 28, 2017.

2. The Amended Complaint alleges Defendants were negligent in the care and treatment of Vicente Castillo. Plaintiff seeks to recover compensatory damages, as well as punitive damages against Defendants.

3. Diversicare of Fulton LLC d/b/a Diversicare of Fulton was served with the Summons and the Amended Complaint on March 7, 2017, via Corporation Service Company, 421 West Main Street, Frankfort, KY 40601.

4. Defendants do not have information as to whether Defendant, Fulton Investors, LLC, a Tennessee limited liability company, has ever been served with process.

5. Defendant, "Lindsay Frazier, in her capacity as Administrator of Diversicare of Fulton," received the summons and Amended Complaint by certified mail at her place of business on March 2, 2017. Defendants Lindsay Frazier has been mistakenly named and/or fraudulently joined by Plaintiff to defeat diversity jurisdiction. Lindsay Frazier was never an Administrator at Diversicare of Fulton during the residency of Vicente Castillo from December 9, 2015 until February 24, 2016. Lindsay Frazier began working as the Administrator of Diversicare of Fulton on April 11, 2016. In fact, when this action was initially filed on February 2, 2017, Lindsey Frazier was not named as a defendant in this action. It was only later that Plaintiff amended her complaint to add Lindsay Frazier as a defendant. Lindsay Frazier provided no care to Vicente Castillo and Plaintiff has no colorable claim against her.

6. Defendant, Robin Chappell, in her capacity as Administrator of Diversicare of Fulton, has not been served.

7. This Court has jurisdiction to hear this matter pursuant to 28 U.S.C. §1332 based upon diversity jurisdiction.

8. According to the Amended Complaint, Plaintiffs are all residents and citizens of

the Commonwealth of Kentucky.

9. Plaintiff's Amended Complaint alleges that Defendant, Fulton Investors, LLC, is a foreign limited liability company with its principal office located at 1973 New Highway 96, West Franklin, TN 37064. See Plaintiff's Amended Complaint at ¶ 3. According to the records of the Kentucky of Secretary of State, its sole member is Aubrey B. Preston, 3309 Bailey Rd., Franklin, TN 37064.

10. Plaintiff's Amended Complaint alleges that Defendant, Diversicare of Fulton, LLC is a foreign limited liability corporation with its principal office located at 1621 Galleria Boulevard, Brentwood, TN 37027. See Plaintiff's Amended Complaint at ¶ 4. Diversicare of Fulton, LLC is a foreign limited liability corporation and none of its members are citizens or residents of Kentucky.

11. Plaintiff's Amended Complaint alleges that Defendant, Lindsay Frazier, was an Administrator of Diversicare of Fulton during Vicente Castillo's residency and could be served at the address of Diversicare of Fulton, 1004 Holiday Ln., Fulton, Ky. 42041. See Plaintiff's Amended Complaint at ¶ 5. However, Plaintiff fraudulently joined Lindsay Frazier in this action in an attempt to avoid diversity jurisdiction, and Lindsay Frazier did not serve as the administrator of Diversicare of Fulton during the residency of Vicente Castillo. See paragraph 5 herein. Therefore Lindsey Frazier's citizenship can be disregarded.

12. Plaintiff's Amended Complaint alleges that Defendant, Robin Chappell was an Administrator of Diversicare of Fulton during Vicente Castillo's residency and could be served at 230 Tyson Ave., Ste. B-393, Paris, TN, which Plaintiff believes to be her home. See Plaintiff's Amended Complaint at ¶ 5. Plaintiff acknowledges that she is not a resident of Kentucky. Furthermore, because she has not been served, her citizenship is disregarded in assessing the

propriety of removal. *See McCall v. Scott*, 239 F.3d 808, 813, n.2 (6th Cir. 2001); *Lindsey v. Kentucky Medical Investors, Ltd.*, 2005 WL 2281607 (E.D. Ky. Sept. 19, 2005); *Stanley v. Insights Training Group, LLC*, 2009 WL 3514590 (W.D. Ky. Oct. 29, 2009).

13. Thus, disregarding the citizenship of Lindsay Frazier, the parties are citizens and residents of different states and the requirement of complete diversity is satisfied. *See* 28 U.S.C. §1332(a).

14. Pursuant to 28 U.S.C. §1441(a), "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." The Circuit Court of Fulton County, Kentucky is located within the jurisdiction of the United States District Court for the Western District of Kentucky, Paducah Division. Therefore, venue is proper in this Court and division pursuant to 28 U.S.C. §1441(a).

15. Based upon the allegations raised in the Complaint attached hereto, including Plaintiff's demand for punitive damages, this matter in controversy exceeds $75,000.00 in damages, exclusive of interest and costs. See Plaintiff's Complaint at ¶¶ 55, 56.

16. Pursuant to 28 U.S.C. §1332(a), this Court has jurisdiction over this action because it is facially apparent from Plaintiff's Complaint that Plaintiff is seeking damages in excess of the jurisdictional amount in controversy. 28 U.S.C. § 1441(a) provides that "any civil action brought in state court which the district courts have original jurisdiction may be removed by the defendant . . . to the district court of the United States for the district embracing the place where such action is pending." Federal District Courts "shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of

interest and cost, and is between . . . citizens of different states." 28 U.S.C. §1332(a). When determining whether a case meets the jurisdictional requirement for purposes of removal, courts should consider "whether it is 'facially apparent' from the complaint that the damages are 'likely above' the jurisdictional amount in controversy." *Rotschi v. State Farm*, 114 F.3d 1188, 1188 (6th Cir. 1997). Accordingly, the amount in controversy requirement is satisfied. *See* 28 U.S.C. §1332(a). Plaintiff seeks punitive and compensatory damages as well as attorney fees. Thus, it is facially apparent that Plaintiff is seeking damages in excess of the jurisdictional amount. See Plaintiff's Complaint at ¶¶ 55, 56.

17. This Notice of Removal has been filed within thirty (30) days of the date when the action became removable as required by 28 U.S.C. §1446(b). This Notice of Removal is further consistent with 28 U.S.C. §1446(b) in that it has been filed within one year after the commencement date of this action.

18. Pursuant to 28 U.S.C. §1446(a), copies of all process, pleadings, and orders served upon Defendants in the State Court Action are attached to this Notice as Exhibit "A."

19. Pursuant to 28 U.S.C. §1446(d), a copy of this Notice of Removal is being served upon all parties and a copy is being filed with the Circuit Court of Fulton County, Kentucky.

20. Because 28 U.S.C. §1332(a) confers federal subject matter jurisdiction over this action, removal of this action to this Court is proper pursuant to 28 U.S.C. §1441.

**WHEREFORE**, Defendants, Diversicare of Fulton LLC d/b/a Diversicare of Fulton and Lindsay Frazier, in her capacity as administrator of Diversicare of Fulton, give Notice of the removal of this action from the Circuit Court of Fulton County, Kentucky, to the United States District Court for the Western District of Kentucky in the Paducah Division.

Respectfully submitted,

**QUINTAIROS, PRIETO, WOOD & BOYER P.A.**

*/s/ Nathaniel R. Kissel, Esq*
Donald L. Miller, II, Esq.
dmiller@qpwblaw.com
J. Peter Cassidy, III, Esq.
pcassidy@qpwblaw.com
Nathaniel R. Kissel, Esq.
nkissel@qpwblaw.com
2452 Sir Barton Way, Ste. 300
Lexington, KY 40509
859-226-0057
859-226-0059 – facsimile

**CERTIFICATE OF SERVICE**

I hereby certify that on March 22, 2017, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system. I additionally certify that a true and accurate copy of the foregoing was served via U.S. mail, first class, postage prepaid, on the 22nd day of March, 2017, upon:

Mark K. Gray, Esq.
Matthew L. White, Esq.
Jacob E. Levy, Esq.
Gray & White
713 E. Market St., Ste. 200
Louisville, KY 40202

*/s/ Nathaniel R. Kissel, Esq*
COUNSEL FOR DEFENDANTS,
DIVERSICARE OF FULTON, LLC d/b/a
DIVERSICARE OF FULTON; and
LINDSAY FRAZIER, in her capacity as
Administrator of DIVERSICARE OF FULTON